UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

**MINUTE ENTRY**

***Hearing Information***

| | |
|---|---|
| Bankruptcy Judge: | The Honorable Scott H. Gan |
| Case Number: | 4:13-bk-19613-SHG |
| Debtor(s): | GRANT COUNTY EXCAVATION, INC. |
| Chapter: | 7 |
| Date and Time: | 08/18/2026 2:00 PM |
| Location(s): | VIDEO-SHG |
| Courtroom Clerk: | Teresa Mattingly |
| Electronic Court Recording Operator: | Rhianna Dominguez |

***Matter(s)***

HEARING ON MOTION FOR ENTRY OF ORDER APPROVING TRUSTEE'S FINAL REPORT AND PROPOSED DISTRIBUTION
R/M: 905/904

***Appearances***

DAVID M. REAVES, TRUSTEE

***Proceedings***

The clerk called the case.

The Court addressed counsel's billing practices and requested that counsel should better segregate legal work from administrative trustee duties in the future. The Court had identified several thousand dollars that sounded like case administration rather than legal work. However, because the estate had sufficient funds and the amount was not substantial enough, the Court decided it did not warrant bringing anyone in for a line-by-line review.The Court noted that Mr. Reaves had requested the Court to determine payment of certain IRS taxes that involved post-petition taxes under Section 503. It estimated the potential post-petition IRS tax claims totaled approximately $16,000.

Mr. Reaves filed the motion after discussions with the U.S. Trustee's Office as a means to get the matter resolved. He believed it was the U.S. Trustee's position that without a court order, the trustee was not to pay the IRS. He pointed out that the IRS did not object to the Trustee's Final Report and Proposed Distribution.

The Court added that had the IRS filed an objection, a hearing would have been set on the objection to determine what the agency was asserting. However, the IRS did not file a formal objection to the Trustee's Final Report, and the notices sent by the IRS for post-petition tax obligations were received after the objection period had ended for the Amended Trustee's Final Report. Also, it was unclear whether the debtor

or the debtor's shareholders were responsible for the tax obligations listed in the IRS notices. After discussion the Court determined that to avoid further delays and administrative expenses, the Trustee was not required to pay the taxes because of the IRS's failure to file an objection to the Trustee's Final Report and the possibility of recovery of the post-petition taxes from the debtor's shareholders.

COURT: PAYMENT OF THE IRS POST-PETITION ADMINISTRATIVE EXPENSES IS DENIED.THE MOTION FOR ENTRY OF ORDER APPROVING THE TRUSTEE'S FINAL REPORT AND PROPOSED DISTRIBUTION IS GRANTED, SUBJECT TO THE EXCLUSION OF THE IRS ADMINISTRATIVE EXPENSE.

Mr. Reaves was directed to submit a form of order consistent with the Court's ruling on the record.

Mr. Reaves added that he would provide a copy of the order to the U.S. Trustee's office for review.

The hearing concluded.